

# The Attorney General of Texas

June 2, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Kerry Knorpp
County Attorney
Potter County Courthouse
Amarillo, Texas

Honorable Randall L. Sherrod
Criminal District Attorney
Randall County Courthouse
Canyon, Texas

Opinion No. H- 1170

Re: Whether Potter and
Randall Counties may expend
county funds to assist the City of
Amarillo in the operation and
maintenance of a Helium
Monument.

Gentlemen:

You ask whether Potter and Randall Counties may spend county funds to assist the City of Amarillo in the operation and/or maintenance of a Helium Monument. You inform us that the Helium Monument is a stainless steel structure erected upon land located in Potter County and owned by the City of Amarillo. Located on the same parcel of land is a building housing a Texas Tourist Information Bureau. The city pays the cost of operating and maintaining the grounds, building and monument. The city has requested that both counties share in this cost.

It is suggested that article 3, section 52 of the Texas Constitution prevents the counties from contributing to the cost of the monument. Article 3, section 52 provides in part:

> The Legislature shall have no power to authorize any county . . . to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . .

This provision bars a political subdivision from gratuitously granting its funds to another political subdivision. Harris County Flood Control District v. Mann, 140 S.W.2d 1098 (Tex. 1940); San Antonio Independent School District v. Board of Trustees of San Antonio Electric and Gas System, 204 S.W.2d 22 (Tex. Civ. App. — El Paso 1947, writ ref'd n.r.e.). However, article 3, section 52 does not prohibit a county from contracting with another political

subdivision to accomplish a county purpose. See Attorney General Opinion H-413 (1974); M. Willatt, Constitutional Restrictions on Use of Public Money and Public Credit, 38 Tex. B. J. 413 (1975). A county has only those powers expressly granted or necessarily implied from express powers. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). Thus, any contractual arrangement with a city must be authorized by a statute or constitutional provision.

A brief submitted in connection with the request describes the monument and associated facilities as a museum, park, or recreational area. Other briefs state that the monument fits none of these descriptions. Whether or not the Helium Monument and adjoining facilities constitute a museum, park, or recreational area is a fact question, which we cannot resolve in the opinion process. The question is initially for the commissioners court of each county to resolve. Of course, no law requires either county to contribute to a park, museum, or recreational area operated by the City of Amarillo.

If the commissioners court makes a good faith determination that the Helium Monument constitutes a museum, park, or recreational area, a number of statutes would authorize a contract to operate it jointly with Amarillo. See, e.g., V.T.C.S. art. 4413(32c) (Interlocal Cooperation Act); 6081e (acquisition of land and buildings within the county for parks, playgrounds, historical museums and sites); 6081f (operation and maintenance of parks); 6081t (joint operation of park and recreation facilities). See also Attorney General Opinions H-413 (1974); M-1113 (1972); V-628 (1948); V.T.C.S. art. 6145.1. The fact that the monument is city-owned does not necessarily bar county participation. See Attorney General Opinion M-1113 (1972). Any contract entered into must conform to the requirements of the statute authorizing it. In addition, the county must receive some benefit from the contract which provides a quid pro quo for its contribution. See Attorney General Opinion H-413 (1974).

## SUMMARY

Article 3, section 52 does not bar a county from contracting with a city pursuant to statutory authority to help operate and maintain a museum, park, or recreational area owned by the city. Whether the Helium Monument is a museum, park, or recreational area is for the determination of the commissioners court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

Honorable Kerry Knorpp
Honorable Randall L. Sherrod   -   Page 3   (H-1170)


APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn